EUGENE O'REILY

*v.*

MICHAEL FITZGERALD.

1. NEW TRIAL — *verdict against the evidence.* Where the evidence is conflicting, and the court doubts how it would have found upon it, that is a sufficient reason for not disturbing the finding of a jury.

2. ADMISSIONS — *of their relative value as evidence.* The proof of the admissions of a party is a less satisfactory character of evidence than that of witnesses who testify from a personal knowledge of the facts in controversy.

3. INSTRUCTIONS. It is not error to refuse an instruction, even if it correctly states the law, where the court draws and gives an instruction embodying the law applicable to the case, and also embodying substantially the instruction asked.

4. NEW TRIAL — *to impeach a witness.* It must be a very extraordinary case that will induce courts to grant a new trial in order to afford an opportunity of impeaching a witness.

5. In this case the plaintiff sued for an alleged assault and knocking of the plaintiff out of a wagon, whereby he was injured. One witness only,

testified to the alleged act of the defendant. The defendant's theory was, that the plaintiff jumped out of the wagon. The evidence was conflicting, but the plaintiff obtained a verdict for $500. It was *held*, there was nothing in the case to take it out of the rule, so as to allow a new trial to enable the defendant to impeach the plaintiff's witness.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of trespass, brought by Michael Fitzgerald, by his next friend, Austin Fitzgerald, against Eugene O'Reily, for an alleged assault, and pushing and knocking the plaintiff out of a wagon in the city of Chicago, whereby his leg was broken.

There was only one witness, Patrick Flynn, who testified, on the part of the plaintiff, that the defendant committed the alleged act. The theory of the defense was, that the plaintiff jumped out of the wagon, and the evidence was conflicting. The plaintiff recovered a verdict for $500 damages.

In support of a motion for a new trial, the defendant presented his own affidavit, as follows:

Alleges that since the said trial he has learned for the first time that Mary McAlpine heard Patrick Flynn, the principal and only witness for the said plaintiff, say, on the same day of the accident, that the said plaintiff jumped out of the wagon before the defendant got into it, and that this deponent did not push or throw him out; that at the time of the trial deponent did not know that he could show that the said Patrick Flynn made a different statement from what he made on the witness-stand. Deponent further says, that the fact is that the said plaintiff did jump out of the wagon before this deponent got into it, and this deponent did not push or throw the plaintiff out.

He also presented the affidavit of Mary McAlpine, in which she stated that Patrick Flynn admitted to her, on the same day the accident occurred, that the plaintiff jumped out of the wagon before the defendant got into it, and that the defendant did not push or throw the plaintiff out of the wagon.

A new trial was refused, and judgment entered upon the verdict. The defendant thereupon took this appeal, and among other grounds for a new trial, he insists he should have been given the opportunity to impeach the plaintiff's witness, Flynn.

Messrs. Hervey, Anthony & Galt, for the appellant.

Mr. C. C. Gillmore, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

The appellee, a boy in the service of O'Reily, was sent by his master upon an errand with a horse and wagon in the city of Chicago. Being absent longer than his master expected, the latter went in pursuit of him and found he had stopped where other boys were at play. The appellant jumped into the wagon and, as was alleged on the part of the plaintiff below, struck him a blow which knocked him out and broke his leg. The boy brought this suit and recovered damages. It was insisted on the part of the defendant below, appellant here, that the boy, as he saw the defendant approaching, voluntarily jumped from the wagon. The only question in controversy is, which of these theories is true?

The only witness who actually saw the affair testifies that the appellant struck the boy and thus knocked him from the wagon. On the part of the defendant, one witness testifies, that the boy told witness he jumped from the wagon as the defendant "went to strike him," and two others swear the boy told them he jumped or fell from the wagon as appellant approached. The jury have found the theory of the prosecution to be true, and it is manifest, from this brief statement, that it is a case where we ought not to disturb their verdict. The evidence was contradictory, and the degree of weight to be given to each witness was for the jury to decide. It is not one of those cases of plain disregard of the evidence which call for the interference of courts. On the testimony as it stands in the record, we are in doubt how we ourselves would have found,

and that is a sufficient reason for not disturbing the finding of the jury. This is to be said against the testimony of the defendant, that it consists wholly of proof of admissions, and such evidence, as is well known, is of a less satisfactory kind than that of witnesses who testify from a personal knowledge of the facts in controversy, as did the witness for the plaintiff. We cannot say the verdict is against the weight of evidence.

The defendant asked three instructions which were refused, but the court drew and gave an instruction correctly embodying the law applicable to the case, and also embodying substantially the instructions asked by defendant. This was sufficient.

On the motion for a new trial, the defendant filed an affidavit showing, that on another trial he could impeach the plaintiff's witness. It must be a very extraordinary case that will induce courts to grant a new trial in order to afford an opportunity of impeaching a witness. It would make a very dangerous precedent and there is nothing in the present case to induce a departure from the established rule.

*Judgment affirmed.*