## LOUIS H. BOHRER
### v.
## PETER STUMPFF AND JAMES T. EDWARDS.

*Contract for Sinking Well—Action to Recover Balance—Evidence— Impeachment of Witnesses—Res Gestæ—Instructions.*

1.   In an action to recover the balance alleged to be due on a contract for sinking a well, the contention being as to whether the plaintiffs should

continue the work until water was found or the `owner satisfied, this court declines to interfere with a verdict for them.

2. Under such an agreement a reasonable depth, considering the means to be used, need only be attained.

3. Evidence in such cases as to the nature of the work and the progress made per day, is admissible as part of the *res gestæ.*

4. In the case presented, the refusal to allow a witness to testify as to whether he would believe one of the plaintiffs under oath, is not, in view of the evidence, such a material error as to justify a reversal.

5. A judgment will not be reversed when it is probable that the evidence, the exclusion of which is complained of, would not or should not have changed the result if admitted.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of McLean County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. TIPTON & BEAVER, for appellant.

Messrs. NEVILLE & LINDLEY, for appellee.

WALL, P. J. The question of fact in this case, which the jury found in favor of the plaintiffs, was whether the contract for boring required the plaintiffs to continue the work until the defendant was satisfied, or until water was found. If it did so require, then the plaintiffs were bound to go only a reasonable depth, considering the means with which they were equipped for doing the work. If no particular distance was specified, it would be unreasonable to require them to go further than such boring could be prosecuted without machinery. It is true the object in view was to find water, and as the well had been sunk eighty-six feet when the boring was commenced, it was probable that water would be reached within such distance, as the bore-hole could be sunk without machinery, which it was well known the plaintiffs were not proposing to use. The evidence was very conflicting as to what the agreement was, the defendant saying and proving by others that the plaintiffs were to go until they found water or he told them to stop, and they saying that no particular depth was specified, in which they were corrobo-

rated by another witness. The verdict of the jury settled this conflict, and we are inclined to think the conclusion thus reached is according to the real facts of the case.

It is urged the court erred in not permitting the witness, Burtis, to state whether he would believe Stumpff under oath. The witness had stated that the general reputation of Stumpff for truth and veracity was not very good. In Eason v. Chapman, 21 Ill. 33, it was held that the witness might be asked whether, from the reputation of the person, he would believe him under oath, and that it was error to refuse such question to be put. Breese, J., dissented vigorously and discussed quite fully the English and American authorities. In Laclede Bank v. Kerler, 109 Ill. 390, the Supreme Court held that while such question was a proper one, it was not essential, and that it was optional with the party seeking to impeach, whether he would ask it or not. In O'Reily v. Fitzgerald, 40 Ill. 310, and in City of Chicago v. Hislop, 61 Ill. 86, it was said that only in extraordinary cases would a new trial be granted, merely to permit a witness to be impeached, and it is now the invariable rule that a judgment will not be reversed when it is probable that the excluded evidence would not, or should not, have changed the result.

We think it ought not to have had any substantial effect on the jury, or rather any additional effect, if the witness had said that he would not have believed the person under oath. He could have made such reply only on the basis of the reputation which he had stated. The error is not so material in view of the evidence in the case as to justify the reversal for that cause. There was no error in permitting the plaintiffs to prove the nature of the work, and how much progress per day they were able to make. It was a part of the *res gestæ*, and admissible. Nor was there error in modifying the defendant's instruction by adding the words " originally made " referring to the contract.

The defendant's position was, that by the original contract the plaintiffs were to dig the well at one dollar per foot, until he told them to stop, and then to bore at twenty cents per

foot until he was satisfied, or water was found, and it was not improper in an instruction upon this hypothesis to embody that idea. No other objections are urged and the judgment will be affirmed.

*Judgment affirmed.*