Guy E. Vandenburgh, Plaintiff in Error, v. The Chicago & Northwestern Railroad Company. Defendant in Error.

### Gen. No. 17,044.

1. RAILROADS—*when doctrine of res ipsa loquitur will not apply.* Where a boy standing on a railroad platform in a sense similar to a public street crossing, within two or three feet from a passing train, is struck by a piece of tin or gutter projecting from a car, if the evidence does not show that the piece of tin had been projecting so long that the company could or should have had notice thereof, the doctrine of *res ipsa loquitur* will not apply.

2. RAILROADS—*when boy's experience need not be considered.* Where a boy standing upon a railroad platform is struck by a projection, and he is aware of whatever danger there might be in standing on the platform, an instruction that he was required only to use such care as one of his "age and intelligence" would use under like circumstances is not erroneous in omitting the qualification of "experience."

3. NEW TRIAL—*when refusal to await arrival of witness not a ground.* A new trial will not be granted for the refusal of the court to await the arrival of a witness whose evidence would tend to impeach an opposing witness, unless the affidavits make out an "extraordinary case."

Action in case for personal injuries. Error to the Superior Court of Cook county; the HON. RUSSEL P. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed November 7, 1912.

WILLIAM ELOIT FURNESS, for plaintiff in error.

CHARLES A. VILAS, for defendant in error; EDWARD M. HYZER, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

In May, 1900, plaintiff in error, then a boy thirteen years of age, in company with three other boys, was standing on a platform adjoining defendant's railroad tracks at its Norwood Park station, waiting for a freight train to pass. The boys had just come though a small park lying south of the platform, with the intention of crossing the tracks over a walk provided for that purpose. Plaintiff in error stood with his back to the passing train, and two or three feet from it. He testified that "something" hit him in the back, causing him to fall between the platform and the track, and his right arm was cut off. He did not know what hit him, and no one was looking directly towards him at that moment. One of the boys, and the gateman in the tower, testified that they saw something hanging down the side of one of the cars resembling a piece of tin or a gutter, and if the plaintiff's story be accepted as true, a fair inference might arise that the "something" which hit him was this hanging piece of tin. On the other hand, the train men testified that they inspected the cars both before and after the accident and saw nothing projecting or hanging down. Upon a trial before a jury the defendant was found

not guilty, and this writ of error was sued out to reverse the judgment entered on that verdict.

It is urged by counsel for plaintiff in error (1) that the platform was a public place ,and defendant was required to exercise reasonable care to keep it safe; (2) that the happening of the accident was *prima facie* evidence of negligence, under the doctrine of *res ipsa loquitur;* (3) that there was no proof of contributory negligence on the part of the plaintiff, "considering his age," and (4) therefore a new trial should have been awarded. We do not deem it necessary to discuss these propositions *seratim;* for if it be assumed, or conceded that the platform upon which the plaintiff was standing was in some sense similar to a public street crossing, we think the opinion of the Supreme Court in Chicago & E. I. R. Co. v. Reilly, 212 Ill. 506, is decisive against the contentions here made. In that case, Reilly was standing on a street crossing, waiting for a train to pass, and was struck by a piece of timber projecting from one of the passing cars. The doctrine of *res ipsa loquitur* was invoked, but the court said (p. 510):

"There is no evidence as to how, when or where the car was loaded or how long a time the timber had been projecting from the car. The condition can be accounted for as readily on the hypothesis of pure accident and absence of negligence as upon the ground of negligence. * * * There is nothing to show that the projecting timber, even if it can be said it would be evidence of negligence if intentionally allowed to remain in the position it was, had been so long projecting that the appellant could or should have had notice thereof. * * * We are of the opinion that the case at bar does not belong to that class of cases where the rule of *res ipsa loquitur* can be applied."

The same may be said of this case. The evidence in this case wholly fails to show that the hanging piece of tin had been projecting so long that defendant could or should have had notice thereof, even if there were

any direct evidence that plaintiff was in fact struck by it. There is evidence that the tin "something" was not projecting when the train was made up at Western avenue, nor when it reached Harvard. The condition complained of therefore can be accounted for quite as readily on the hypothesis of pure accident and absence of negligence as upon the hypothesis of negligence. Moreover, this question, and that of the contributory negligence of the plaintiff, were questions of fact for the jury and the evidence is by no means so clearly in favor of the plaintiff as to warrant us in finding that the verdict was manifestly contrary to the evidence.

It is also urged that a new trial should have been granted because the trial court refused to await the arrival of a witness whose evidence would tend to impeach one of defendant's witnesses. But "it must be a very extraordinary case that will induce courts to grant a new trial in order to afford an opportunity of impeaching a witness." O'Reily v. Fitzgerald, 40 Ill. 310, 313; City of Chicago v. Hislop, 61 Ill. 86. We do not regard the affidavits submitted on the motion for a new trial as making out such an "extraordinary case" in this respect.

Complaint is also made of the fact that in several of the instructions, the jury were told that the plaintiff was only required to use such care as one of his "age and intelligence" would use under like circumstances. It is urged that these instructions are erroneous because they omit the other qualification of "experience." While in some cases the criticism would be just, we think that in this case plaintiff in error has no reason to complain of the omission. The evidence shows that it was the daily habit of the plaintiff to cross the railroad at the point where he was hurt. He was, therefore, fully aware of whatever danger there might be in standing on the platform, near to passing trains. Hence the omission of the word "experience" from the instructions in question was more favorable

to him than to the defendant. We find no reversible error in these, or any of the other instructions, under the facts of this record.

The judgment of the Superior Court will be affirmed.

*Affirmed.*