THE CHICAGO AND NORTHWESTERN RAILWAY CO.

*v.*

ANDREW RYAN.

1. NEGLIGENCE—*on the part of the plaintiff, contributing to his injury.* It is the duty of a person, desiring to cross a railroad track, to act with prudence, and use every reasonable precaution to avoid an accident, and, failing to do so, he can have no recovery for an injury which might have been averted by the exercise of ordinary care.

2. Where the plaintiff, when about to cross a railroad track in a city, on the usual route from the place where he labored, to his residence, looked up and down the track, and saw that it was clear, there being no engine in sight, and then started, and had proceeded only a few steps, when a switch engine of the defendant came around the curve, behind him, at a rapid rate of speed, without giving the usual signals, and struck him, the whistle of a work shop near by being blown at the time, it was *held,* in an action by him against the railroad company, to recover for the injury, that negligence could not, under the circumstances, be attributed to the plaintiff.

3. SAME—*facts showing negligence on the part of the company.* In a suit by the plaintiff against a railroad company, to recover for a personal injury received at a railroad crossing in a city, the plaintiff being without negligence on his part, it appeared that the plaintiff was struck and run over by a switch engine of the company, which had come around the curve, and was running at a rapid speed, and that neither the engineer nor fireman saw the plaintiff until after the accident; that a boy, not an

employee, was occupying the fireman's place, and had charge of the bell rope, and if the bell was rung at all, it was done by the boy by way of amusement, and that the engineer and fireman were laughing and talking, instead of watching to guard against injury: *Held*, that the facts tended strongly to show that the engine was not properly managed, and warranted the jury in finding negligence on the part of the company.

4. SAME—*instruction as to*. In an action against a railroad company, to recover for injury received through the alleged negligence on the part of the servants of the company, the court, in some of its instructions, put the case, that, if the accident happened without *"fault"* on the part of the plaintiff, etc. It was urged, that the words *"ordinary care"* should have been used in place of the word *fault*, but it was *held*, that the word used did not change the sense or meaning of the instructions, and did not make them erroneous.

5. NEW TRIAL—*on finding of the facts*. The law having intrusted the trial of questions of fact to a jury, a verdict will not be disturbed, unless it is manifestly against the weight of evidence, or unless necessary to prevent a plain perversion of justice.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

The opinion of the court contains a statement of all the facts necessary to an understanding of the case. The seventh instruction given for the plaintiff, after submitting the facts, hypothetically, upon which the defendant was liable, also stated, "and that, therefore, and without *fault* on plaintiff's part, the accident happened, then the jury should find a verdict in favor of the plaintiff." It was urged, in this court, that the words *"ordinary care"* should have been used in place of the word *"fault."*

Mr. B. C. COOK, for the appellant.

Mr. MELVILLE W. FULLER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by appellee against appellant, in the Superior Court of Cook county, to recover for personal injuries by being run over by a switch engine, near the depot, in the city of Chicago.

The cause was tried before a jury, and a verdict returned in appellee's favor, for $3500. A motion was made by appellant for a new trial, which was overruled, and judgment rendered upon the verdict.

A reversal of the judgment is insisted upon by appellant, mainly on the ground that the verdict is not sustained by the evidence.

It appears, by the record, that the accident occurred on the 22d day of February, 1868. At the time, appellee was employed by the company as a day laborer, at its carpenter shops. Appellee resided north of the carpenter shops, and, in going from the shops to his residence, he had to pass over the tracks of appellant's road. This was his usual route, and in fact his only one.

It is claimed by appellant, first, that appellee was guilty of gross negligence at the time the accident occurred; second, that the servants of the company in charge of the engine used ordinary care, and were free from negligence. If the evidence sustained these positions, no recovery could be had.

It is the undoubted duty of all persons who undertake to cross a railroad track, to act with caution and prudence, because it is apparent that such crossings are always more or less dangerous. This being the case, those who desire to cross must use every reasonable precaution to avoid an accident, and if they fail to do this, no recovery can be had for an injury which might have been averted by the exercise of ordinary care.

On the evening the accident happened, appellee, on the blowing of the six o'clock whistle, which gave notice to the employees to quit work, started from the shops, to go to his residence. The track was only a few steps from the shop door. He testifies, and upon this he is uncontradicted, that he looked up and down the track, and saw that it was clear, no train or engine in sight; he then turned north, and had only proceeded a few steps, when the engine came around the curve, behind him, from the direction of the round house, and

he was struck.   When Ryan looked up and down the track, and saw that no train or engine was in sight, he might reasonably conclude that it was safe to proceed, and if an engine was upon the track, and not in sight, he would be warned of its approach by the sound of the bell or whistle, and having used this precaution, it can not, with propriety, be said he was guilty of negligence.

In regard to the conduct of the servants of appellant in charge of the engine, the evidence, on some points, is conflicting.   Appellee testifies that the bell was not rung or the whistle sounded; that the engine was running at a high rate of speed.

The switchman, who saw the accident, says the engine was running at the speed of about six miles per hour; he could not tell whether the bell was rung or whistle sounded; he says the six o'clock whistle was blowing at the time, and he could not hear the bell or whistle on the engine.

The fireman and engineer, and one other witness, testify the bell was rung.

The jury, under the instructions on behalf of appellant, found, by a special verdict, that the bell was rung carelessly before and after the accident, but was not ringing at the time it occurred.   There are, however, some undisputed facts in this case which would warrant the jury in arriving at the conclusion those in charge of the engine were guilty of gross carelessness and negligence.

It is shown that appellee was not seen at all by the engineer or fireman on the engine, and they did not know that he had been struck, until they were stopped by a signal from the switchman.   It further appears, that a boy was on the engine, occupying the seat of the fireman, who was not in the employ of the company, and that he had charge of the bell rope, and if the bell was rung at all, the ringing was done by the boy by way of amusement.

Appellee testifies that, at the time the engine passed over him, he saw the engineer and fireman, and they were laugh-

ing. This is not contradicted by any one, and, when considered in connection with the fact that Ryan was not seen by either of them when the accident occurred, and the additional fact, that the boy was in the seat of the fireman, in charge of the bell, shows, or at least tends very strongly to show, that the engine was not properly managed, and those whose duty it was to be on the watch, to guard against the destruction of limb and life, were amusing themselves, while a boy on the engine, for mere sport, was the only person giving any attention to it, or the destruction it might cause to those who might be passing from the shops to their homes at that particular hour.

These facts were all before the jury, and it was for them, from the facts proven, to determine whether the injury received by appellee was caused by his negligence or that of the servants of appellant in charge of the engine, and, as has been repeatedly held, we will not disturb the verdict, unless it is manifestly against the weight of evidence. As was said in *Chicago and Alton R. R. Co.* v. *Shannon*, 43 Ill. 338, the law intrusts the trial of issues of fact to a jury, and there the court must leave it, except so far as it may be necessary to interfere to prevent a plain perversion of justice.

In this case, the issue formed was fairly presented to the jury, and we can not say, from a careful inspection of the whole record, that the verdict is clearly against the weight of evidence.

It is claimed by appellant that the court erred in giving appellee's 1st, 6th, 4th and 7th instructions. The 1st, although inartificially drawn, is, in substance, correct. It conforms to the law, as declared in this case when it was before this court at the September term, 1871. (*Ryan* v. *C. and N. W. Ry. Co.* 60 Ill. 172.) The only objection made to the 6th instruction is, that it is not properly guarded. Upon an examination of it, we think the word "solely," contained in the instruction, properly qualifies it, and that it is correct, as given by the court. The only point raised as to the 4th and 7th instruc-

tions is, the word "fault" is used where the words "ordinary care" should have been used. This is very technical. We do not see how the use of the words insisted upon could change the meaning or sense of the instructions.

As we see no substantial error in the record, the judgment will be affirmed.

*Judgment affirmed.*