## Robert B. F. Peirce, Receiver, v. Augustus M. Sparks.

1. ISSUES OF FACT—*For the Jury.*—An issue of fact is for the jury and there the court must leave it, except so far as it may be necessary to interfere to prevent a perversion of justice.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1896. Affirmed. Opinion filed June 18, 1896.

E. B. Glass and W. P. Tyler, attorneys for appellant; Clarence Brown, of counsel.

A. W. Metcalf and Irwin & Metcalf, attorneys for appellee.

Mr. Presiding Justice Green delivered the opinion of the Court.

This suit was brought by appellee against appellant to recover damages for personal injuries averred to have been caused by appellant's negligence. The jury found defendant guilty and assessed plaintiff's damages at $1,500. Defendant thereupon entered its motion to set aside said verdict and for a new trial, which was overruled and judgment for $1,500 and costs of suit was entered for plaintiff. To reverse this judgment defendant took this appeal.

The declaration contained two counts. The first count charges that while plaintiff, with all due care, was then and there riding in the said sled, across the said railroad at the said crossing, upon the said public highway, the defendant then and there by its servants, so carelessly and improperly drove and managed the said engine and train that they struck said sled and caused the injuries complained of. The second count charges that the injuries complained of resulted from a failure to ring the bell or sound the whistle at a distance of eighty rods from said crossing, and to continue the ringing or whistling until the crossing was reached. In the argument appellant does not present any objections to the rulings of the court, but insists the evidence fails to prove that defendant was negligent in the manner and form as alleged in the declaration, or that plaintiff was exercising due care and diligence at the time of the accident, or that the negligence of defendant, as charged in the declaration, was the cause of the injuries received by plaintiff. We have carefully examined the evidence in the record, and it satisfies us that the jury were warranted in finding defendant guilty of the negligence charged in said second count of the declaration. The evidence was conflicting on the question

of giving the warning signals, as required by the statute, but if the jury credited the testimony on behalf of plaintiff upon this point, rather than that offered by defendant, the proof was ample to sustain the charge of negligence as averred.    The credibility of witnesses is to be determined by the jury, and they have the means, not afforded a court of review, of judging of the credit proper to be given.    They see and hear the witnesses, and observe their manner and conduct while testifying.    The trial judge also has the like opportunity as the jury in this regard.    Hence, when a jury settles the conflict in the evidence favorably to one party, and finds a verdict for that party, which the court sustains, this court will not generally disturb the verdict.    The issue of fact is for the jury and there the court must leave it, except so far as it may be necessary to interfere to prevent a perversion of justice.    In this case no necessity for such interference appears.    Among many authorities so deciding, see I. C. & N. W. Ry. Co. v. Ryan, 70 Ill. 211; R. & R. T. & St. L. R. R. Co. v. Hillmer, 72 Ill. 258; I. C. R. R. Co. v. Slater, 129 Ill. 91; St. L., V. & T. H. R. R. Co. v. Faitz, 23 Ill. App. 500.

That the injury complained of resulted from the negligence of defendant, as charged in said second count, was fully established by the proof, and that plaintiff exercised due care for his personal safety in approaching appellant's track at the time he was injured, and was not guilty of any contributory negligence barring his right to recover, we think the evidence clearly shows.

The damages were not excessive.    Appellee was seriously injured; two of his ribs were broken, one of his fingers was amputated, and he suffered great pain, and received injuries that the evidence showed will be permanent.

The instructions given on behalf of defendant, fourteen in number, stated the law most fully and favorably for it, and covered every phase of the case.    We are of the opinion that the cause was fairly tried; that the verdict was justified by the proof, and the judgment was right.

Judgment is affirmed.