## William H. Hudelson v. James C. McCollum et al.

1. PRACTICE—*Where the Evidence is Conflicting.*—Where the evidence is conflicting a verdict returned by a jury, if responsive to the issues involved, ought not to be set aside by a trial court and will not be disturbed by an appellate or supreme court, unless some error or improper condition or conduct calculated to mislead the jury appears in connection with the trial.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Clay County; the Hon. WILLIAM M. FARMER, Judge presiding. Heard in this court at the February term, 1902. Affirmed. Opinion filed September 11, 1902.

W. H. DILLMAN, attorney for appellant.

ROSE & BONNEY, attorneys for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action of assumpsit in the Circuit Court of Clay County, by appellant against appellees to recover on a promissory note for $842. Defendants pleaded payment. The only controverted question was as to the alleged payment. Trial by jury. Verdict in favor of appellees and judgment on the verdict against appellant for costs.

This case has been three times tried in the Circuit Court. Has been submitted to three separate juries, under the directions of three separate judges. The first trial resulted in a verdict in favor of appellees. The verdict was set aside by the court and a new trial awarded. The second trial was in favor of appellant. This also was set aside by the court. The third verdict was in favor of appellees, and the court rendered judgment thereon, as above noted. The evidence, as to the only issue of fact in dispute, is conflicting, directly contradictory and wholly irreconcilable. That a verdict returned by a jury under such state of evidence, if responsive to the issues involved, ought not to be set aside by a trial court, and will not be disturbed by an appellate or supreme court, unless some error, or improper condition or conduct calculated to mislead the jury, appears in connection with the trial, is too well established in this

state to admit of discussion. The following are three of the leading cases in which our Supreme Court has laid down and applied the rule: I. C. R. R. Co. v. Gillis, 68 Ill. 317; Calvert v. Carpenter, 96 Ill. 63; Shevalier v. Seager, 121 Ill. 564.

During the trial counsel for appellant produced a bank journal, one of a set of books kept by a bank in which appellant was accustomed to make deposits, and sought to introduce this in evidence. They cite us to section 3, chapter 51, of our statutes, and to many decisions thereunder. The bank was no party to the suit and in no way privy to either parties. Neither the claim nor the defense was founded on a book account, and the book offered was not the account book of any party to the suit, nor of any person interested therein. The section relied on by appellant's counsel is as follows:

"Section 3. Where, in any civil action, suit or proceeding, the claim or defense is founded on a book account, any party or interested person may testify to his account book and the items therein contained; that the same is a book of original entries, and that the entries therein were made by himself, and are true and just; or that the same were made by a deceased person, or by a disinterested person, a nonresident of the state at the time of the trial, and were made by such deceased or non-resident person in the usual course of trade, and of his duty or employment."

There was no attempt to offer this book, or any item therein, as a contemporaneous writing, and no sufficient foundation was laid for such an offer. The trial court did not err in excluding the bank journal. The only remaining question is as to the instruction given by the court on behalf of appellees. The court gave but three instructions—two on behalf of appellant, one telling the jury that possession of the note by appellant raises the presumption that it has not been paid, and one telling them that it devolved upon appellees to prove payment by a preponderance of the evidence, and that unless payment was so proven the jury should find for appellant. The instruction given on behalf of appellees is as follows:

"The court instructs the jury that if you believe from

the evidence in ·this case that since the making of the note in question, and since the note became due and payable, and since the payment thereof was assumed, if you so find from the evidence that payment was assumed by J. C. McCollum as one of the defendants herein, he, the said McCollum, and the plaintiff herein, Wm. H. Hudelson, have had settlements of their accounts against each other, in which transactions the said · note has been paid to the plaintiff, or any one for, him by the said J. C. McCollum, or by any one else for him, then your verdict should be for the defendant."

The testimony shows that soon after the making of the note in question, as between himself and his co-makers of the note, McCullom had assumed its payment and that appellant had knowledge of that fact; that appellant and appellee McCollum had transactions together, in which McCollum turned over to appellant notes, and that they had one or more settlements. The testimony also tends to show that appellant owed the Louisville Mercantile Co. an account which was to apply on the interest, and in that manner the Louisville Mercantile Co. paid a part of the note to appellant for McCollum. The testimony also tends to show that appellant usually placed his notes in bank for collection, and the cashier of the Farmers and Merchants Bank testified that before suit was commenced on the note in question, he heard appellant say time and again that he, appellant, was satisfied McCollum had paid the note. "Hudelson said, 'I am satisfied McCollum paid the note,' but he, Hudleson, never got the money." The instruction is supported by the evidence, does not misstate the law, and there is no substantial error in it.

The judgment of the Circuit Court is affirmed.