National Enameling and Stamping Company v. Charles Vogel, by next friend.

1. VARIANCE—*what not, between allegations and proof.* There is no variance where the declaration charged an injury resulting while " placing a spout in said machine under said blade," and the proof showed an injury while straightening a spout which had not gone in properly under the blade.

2. VERDICT—*when not disturbed.* Where the jury does not appear to have been misled by improper conditions surrounding the trial or to have been actuated by improper motives and the verdict is responsive to the issues, it will not be disturbed upon appeal.

Action on the case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. WILLIAM P. EARLY, Judge, presiding. Heard in this court at the August term, 1903. Affirmed. Opinion filed March 10, 1904. Rehearing denied August 25, 1904.

WISE & McNULTY and McKEIGHAN & WATTS, for appellant.

BAUDY & SULLIVAN and D. J. SULLIVAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant, a corporation engaged in the manufacture of graniteware, used, among other things, a power press to trim sheet-iron tea-kettle spouts, after the spouts had been stamped into shape by other machines. The machine contained two dies. The bottom die, which was the larger of the two, was attached to the table of the press and remained stationary. The upper die was attached to a rod which connected with the shaft of the press and worked up and down. Motion was communicated to the machine by a fly wheel, operated by power furnished by a steam engine. The person in charge of the machine put it in operation by dropping into the lower die one-half of an untrimmed spout, and then applying his foot to a treadle, which set the machine in motion, causing the upper die to descend upon the lower. When the two dies came in contact the spout was trimmed and the upper die, through the motion

already communicated to it, returned to its starting place without further action on the part of the person in charge.

For some two weeks prior to March 18, 1902, the machine above described was in charge of appellee, Charles Vogel. On that day his hand was caught between the dies and portions of his first and second fingers, on his right hand, were cut off.

Appellee brought suit to recover damages for the injuries sustained by him, filing a declaration containing two counts. The first count, as amended, charged that the defendant negligently permitted said machine, after due notice of its condition, to be and remain out of repair, so that the blade would descend without being caused to do so by the operator, thus causing the operation thereof to be attended with great peril; that on the forenoon of said day plaintiff notified defendant's foreman in charge of said machine, of the defective condition of the machine, and was directed by the foreman to continue at work until noon, and that during the noon hour the machine would be repaired; that while plaintiff, exercising due care for his own safety, on the afternoon of said day, relying upon the promise of defendant's foreman aforesaid, and believing that said machinery had been repaired, was placing a spout in said machine, under said blade, the said blade suddenly descended because of the defective condition of said machine, and cut off part of the first and second fingers of plaintiff's right hand. The second count, as amended, charged that it was the duty of defendant to use reasonable care to see that the machine was in a reasonably safe condition, but that defendant having due notice that the machine was out of repair, and that the blade would suddenly descend, negligently and carelessly directed plaintiff to use and operate the same, whereby he was injured, etc.

There was a plea of the general issue, a trial by jury and a verdict in favor of appellee for $1,060. Judgment was entered for the amount of the verdict, and the defendant appealed.

At the close of all the evidence defendant below asked the court to instruct the jury to find for the defendant, and

the request being refused, offered two other instructions, one directing the jury to find for the defendant upon the first count of the declaration, and the other giving the same direction as to the second count, which were also refused by the court. Appellant claims that these instructions should have been given for the reason that the allegations of the declaration and the proofs did not agree; that the proof under the first count showed that appellee was not injured while " placing a spout in said machine under said blade," as alleged in the first count, and that he was not directed to use and operate the machine as charged in the second count. Appellee himself testified that at the time he was injured, he was engaged in straightening a spout, which had not gone into the lower die properly, when the upper die fell on his hand, although he had not touched the treadle. We are unable to see the distinction claimed by appellant between " placing a spout in said machine under said blade," as charged in the declaration, and straightening a spout, which had not gone in properly under the blade, as shown by the proof. The charge in the declaration certainly meant the placing of the spout in the machine under the blade in the proper way, and the straightening of the spout in the die, as testified by appellee, was a part of the work required in placing the spout properly in the machine. As to the second count it is sufficient to say there was proof tending to show that appellant knew that the machine was out of repair, and that the foreman negligently and carelessly directed appellee to use and operate the same. The question was then one for the jury, and the court properly refused all of said instructions.

Appellant insists that three of the instructions given for appellee should have been refused, for the reason that they were based upon both counts of the declaration and repeatedly refer to the negligence charged therein; that the evidence introduced did not prove the negligence charged in the declaration, but an entirely different state of facts. This position of appellant is not tenable, as the record dis-

closes evidence tending to sustain the charges of the declaration, upon which the instructions were based. The main reason given by appellant why the judgment should be reversed, is that the weight of the evidence was in favor of appellant. Appellee testified that the machine was out of order the day before the injury occurred; that on the day of the injury, the upper die dropped twice when appellee did not have his foot on the treadle; that he notified the foreman that the machine was out of repair and that the foreman told him to go back to work, it would be fixed at noon; that relying on the assurance of the foreman that the machine would be repaired, he went to work, supposing the repairs had been made, and while putting a spout into the machine the upper die dropped on him when he was not pressing the treadle and caused the injury; that it was necessary to put some part of his fingers under the die to place the spout there. On the other hand, appellant introduced evidence tending to contradict certain material statements made by appellee. While the evidence of the respective parties was in some respects conflicting and irreconcilable, we find nothing to warrant us in believing that the jury was misled by improper conditions surrounding the trial, or actuated by improper motives in finding the issues for plaintiff. Under the circumstances named, the verdict being responsive to the issues involved, we are not at liberty to disturb it. Hudelson v. McCollum, 103 Ill. App. 408; Pierce v. Sparks, 65 Ill. App. 352.

The judgment of the court below will be affirmed.

*Affirmed.*