CHICAGO CITY RAILWAY CO.

*v.*

ELLEN YOUNG, Adm'r, etc.

1. NEW TRIAL—*finding as to facts.* Unless a verdict is manifestly against the evidence, and is to be attributed to the passion or prejudice of the jury, or to a misapprehension of the facts, the judgment thereon should not be disturbed.

2. NEGLIGENCE—*liability for death caused by.* It is the duty of a street railway company to carry their passengers with safety; and if the death of a passenger results from the carelessness of its servants in the management of its car, or from a defective track, or from an overloaded car, or from all combined, the company will be liable.

3. EVIDENCE—*weight of.* When the testimony of the witnesses is con-

flicting as to any material fact, the weight to be given to one witness more than to another should be left to the jury.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HITCHCOCK, DUPEE & EVARTS, for the appellant.

Mr. MELVILLE W. FULLER, for the appellee.

Per CURIAM: The sole ground upon which a reversal is sought, is that there is no evidence to sustain the verdict.

Unless the verdict is manifestly against the evidence, and is to be attributed to the passion or prejudice of the jury, or to a misapprehension of the facts, the judgment should not be disturbed.

The deceased was a passenger on the car of the company, and it was its duty to carry him safely. If the death resulted from the carelessness of the servants of the company in the management of the car, or from defective track, or from an overloaded car, or from all combined, then the company is liable.

Upon first entering the car, the deceased obtained a seat. The car, from some cause, ran off the track ; and the conductor requested the assistance of the passengers to put it on. The deceased did not regain his seat, and from the crowded condition of the car was compelled to stand on the front platform. Thus he was brought into close proximity to the brake, which was used by the driver, at or about the time of the accident. The jury might fairly have inferred, that he was thrown from the platform by the sudden turning of the brake.

One witness testified, that the driver stopped the car and then started again, " and whirled his brake around ;" and within a second or two after, the misfortune occurred. Another witness testified to a " surging motion," and a "jarring" of the car ; and that this was attributed to the condition of the track.

The jury were justified from the evidence in the conclusions, that the car was greatly overloaded ; that the track, about the

place of the accident, was defective, and that there was care-lessness in the use of the brake, with a crowded platform.

The evidence as to the indulgence in sport on the part of the deceased at the time, is conflicting.   Indeed, as is usual in this class of cases, the witnesses very flatly contradict each other.

The weight, to be given to one more than another, has been, and properly should be, determined by the jury.

The attempt of this court to reconcile conflicting evidence, to determine its preponderance when fairly balanced, and to decide as to the credibility of witnesses, would be a usurpation of the functions of the jury.

The judgment is affirmed.

*Judgment affirmed.*

McALLISTER, J., having been of counsel in the court below, took no part in the decision.