## The Illinois Central Railroad Company

### v.

## Jacob Gillis.

1. NEGLIGENCE—*neglect to ring bell or sound whistle.*   In a suit against a railroad company for killing a cow at a road crossing, an omission on the part of the company to ring a bell or sound a whistle at a distance of at least eighty rods from the crossing, constitutes a *prima facie* case of negligence in the company.

2. EVIDENCE—*whether negative or affirmative.*   Where a witness testifies positively to having heard the bell on a locomotive engine when it was first rung, and how far the engine was then from a public crossing, it is not evidence of a negative character.

3. QUESTION OF FACT.   In a suit against a railroad company to recover damages for the killing of the plaintiff's cow, whether there was contributory negligence on the part of the plaintiff, and if so to what extent, and whether the negligence of the company probably caused or contributed to the injury, are questions of fact to be determined by the evidence.

| | |
|---|---|
| 68 | 317 |
| 121 | 568 |
| 68 | 317 |
| 31a | 61 |
| 68 | 317 |
| 42a | 20 |
| 42a | 532 |
| 68 | 317 |
| 52a | 258 |
| 52a | 656 |
| 68 | 317 |
| 170 | 393 |
| 68 | 317 |
| 75a | 283 |
| 68 | 317 |
| 77a | 522 |
| 77a | 571 |
| 68 | 317 |
| 88a | 689 |
| 68 | 317 |
| 89a | 462 |
| 68 | 317 |
| f95a | 4118 |
| 68 | 317 |
| 193 | 4 89 |
| f99a | 4618 |
| 68 | 317 |
| 101a | 4 48 |
| 68 | 317 |
| 103a | 4409 |
| 68 | 317 |
| 104a | 4249 |
| 68 | 317 |
| 110a | 4166 |

4. New trial—*on finding of facts, when evidence is conflicting.* A verdict will not be set aside where the evidence is conflicting, and the facts and circumstances, by a fair and reasonable intendment, will authorize the finding, notwithstanding it may appear to be against the strength and weight of the testimony.

Appeal from the Circuit Court of Marion county; the Hon. Silas L. Bryan, Judge, presiding.

Mr. Geo. W. Wall, for the appellant.

Mr. B. B. Smith, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This suit was commenced by appellee against appellant, before a justice of the peace of Marion county, and thence appealed to the circuit court of that county, where, by agreement of parties, it was tried by the court without the intervention of a jury.

Appellant assigns for error the admission of improper evidence for the plaintiff, and the rendition of the judgment for the plaintiff.

The evidence objected to was rebutting to evidence introduced by the defendant, and is of the same character, and, so far as we can discover, quite as competent as that of the defendant upon the same point.

The evidence of the plaintiff was not of a negative character. Each witness testified positively to having heard the bell when it was first rung, and how far the engine then was from the crossing.

The statute requires that the bell shall be rung or the whistle sounded at the distance of at least eighty rods from the crossing. An omission to comply with this requirement on the part of the company, constitutes a *prima facie* case of negligence. *G. and C. U. R. R. Co.* v. *Loomis,* 13 Ill. 549 ; *G. W. R. R. Co.* v. *Geddis,* 33 id. 304; *St. L., J. and C. R. R. Co.* v. *Terhune,* 50 id. 151.

Whether there was contributory negligence on the part of the plaintiff, and, if any, to what extent, and whether the circumstances were such as to show that the negligence of the defendant probably caused or contributed to the injury sustained by the plaintiff, were questions of fact to be determined from all of the evidence by the court, acting in the place of the jury.

If any rule of this court can be so well established as to be neither questioned nor require the citation of authorities to support it, it is that a verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony.

We can not say that the verdict in this case is clearly against the strength and weight of the evidence.

The judgment is affirmed.

*Judgment affirmed.*