## Terre Haute & Ind. R. R. Co. v. F. O. Hybarger.

1. INSTRUCTIONS—*Improper Marking of—When Ground for Reversal.* —In a closely contested case an instruction which correctly stated the law upon an important branch of the case was read to the jury, marked "refused" and given to the jury with other instructions marked "given." No other instruction covering the same point having been given, *it was held* that the facts stated justified a reversal of the judgment.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed November 21, 1896.

THOMAS J. GOLDEN and JOSEPH E. DYAS, attorneys for appellant.

DUNDAS & O'HAIR, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.
This is an appeal from a judgment of $500 recovered by appellee for personal injuries received by him in a collision with a train operated by appellant upon its road.

The questions of fact as to whether appellee approached the crossing with proper care and whether the appellant was negligent in running recklessly and in failing to give proper signals were closely contested. It is unnecessary to say more on these points, than that the evidence was very conflicting and therefore it was especially important that the court should accurately instruct the jury as to the law of the case.

The first instruction given for plaintiff is complained of because, as is averred, it singles out for special comment the testimony of the plaintiff. We think it is objectionable in this respect, but perhaps not enough so to require a reversal of the judgment. Another objection urged is that the court marked as refused an instruction asked by defendant and read it to the jury, and that the instruction so read by

the court and so marked refused was taken by the jury with the other instructions which were given. The instruction referred to was upon an important branch of the case—the duty of the plaintiff to exercise due care in approaching the crossing, and it is not denied that it correctly stated the law upon that point. So the question is, what should be said of this, probably inadvertent, action of the court in marking as refused a correct proposition of law and giving it so marked to the jury. The other instructions taken by the jury were all marked given, and if the jury took the trouble to examine the instructions they must have discovered that while the others were marked given, this was marked refused, and it is presumable, at least, that they understood the court did not approve of this instruction. No other instruction covering the same point was given.

It is impossible to say that the case of the defendant was not prejudiced by this action of the court. It could not be so said unless it were known that the jury did not discover that the instruction was so marked. This is not known. The judgment will be reversed and the cause remanded.