PETER LOURANCE

*v.*

JOHN GOODWIN, Jr.

*Opinion filed December 22, 1897.*

1. EJECTMENT—*ejectment verdict not disturbed unless clearly against the evidence.* In the absence of errors of law an ejectment verdict will not be disturbed, where there is a contrariety of evidence, and the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict.

2. INSTRUCTIONS—*when error in one series of instructions is cured by the other series.* The instructions given for both parties will be construed together, and when so considered, if they state the law correctly as a whole, the error that may appear in one series will be deemed corrected by the other.

APPEAL from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

SALMANS & DRAPER, for appellant.

D. D. EVANS, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of ejectment brought by Peter Lourance, against John Goodwin, Sr., and John Goodwin, Jr., to the May term, 1896, of the circuit court of Vermilion county, to recover a strip of land forty rods long and seven feet and three inches wide at the north end and tapering to a point at the south end. At the October term following, the suit was dismissed as to John Goodwin, Sr., and an amended declaration filed, describing the premises as "commencing at a stone at the south-west corner of the north-east quarter of section 7, township 21, range 12, west, Vermilion county, Illinois; thence forty rods north; thence west seven feet and three inches to center of hedge row; thence southerly to the place of beginning." The defendant, John Goodwin, Jr., pleaded

the general issue and a special plea, verified by affidavit,
denying possession of the premises described in the dec-
laration.    A trial was had before a jury, and a verdict
rendered in favor of the defendant.    A motion was made
for a new trial for cause, which was overruled by the
court and judgment rendered upon the verdict.    The plain-
tiff brings the record here by appeal.

It appears from the record that appellant, Peter Lour-
ance, was the owner of the north-east quarter of the
north-east quarter of section 7, containing forty acres,
from October 7, 1874; while appellee, John Goodwin, Jr.,
was the owner of the north-west quarter of the north-
east quarter and the north half of the north-west quarter
of said section 7, by a conveyance from his father, John
Goodwin, Sr., who had acquired title to it by deed from
the master in chancery April 15, 1869.    The two forty-
acre tracts lie opposite each other, and the controversy
arises over the division line running north and south
between them.    Appellant contends that a hedge row,
thrown up about 1868, was the division line, and that he
and his grantors had occupied the land east of the hedge
for more than twenty years, while appellee denies that
there was any agreement or consent that the old hedge
was the line, or that appellant had occupied the strip up
to the old hedge during the period contended for by him;
alleges that a survey was had in May, 1891, which gave
Lourance forty acres—all the land he claimed; that a
stone was planted at the north-east corner of the west
half of the north-east quarter of section 7, and the old
stone was found at the south-west corner of the north-
east quarter; that another survey was made in 1894, show-
ing part of the hedge on the south end was on the line,
but most of the hedge on the north part was west of the
line; that appellee was present when the survey was
made, and appellant came to where the surveyor and ap-
pellee were, at the north-west corner of the land; that in
a conversation appellee admitted the survey was right,

and that a fence was built on the line surveyed, in June or July, 1895, and that it was by consent of appellant.

On the trial of the cause many witnesses were called as to the location of an old rail fence in 1868, and to show that the rail fence was moved a few feet west to give room to set a hedge row. Other testimony was given showing that the hedge never extended to the north line, but there was a gap of about fifty-five feet at said north end, while other gaps were found in other parts of the hedge. A certain stone at the south-west corner was admitted by both appellant and appellee to be on the dividing line between these two tracts of land. Much testimony was given on the question as to whether the hedge had been recognized as the line, and there was a conflict in the testimony as to whether appellant had occupied the strip up to the hedge row. The evidence fails to show an agreement or consent that the old hedge row should be the division line between the adjacent owners.

Appellee swore to having the following conversation with appellant: "Well, we talked about that after that. There was no fence to speak of that would hold anything. I wanted to put in a new fence on my part of the forty, and I said: 'I want to put in my half of the fence and I reckon you want to put in yours; I will have that hedge cut down; I don't suppose you will want to do it, as it is on my land.' He said, 'Jack, I reckon the survey is right; don't you?' I said I believed it was, as much as I believed anything in the world. 'Well,' he said, "give me all the time you can, for,' he says, 'it seems like everybody is crowding me,' and I said, 'all right.' This was in the fall of the year, and I said then we will let it run on through winter; we wouldn't leave any stock in there until after we had pastured the stock, and then I wanted to burn it out, and we talked about that and he made no objection, and we quit that way. That, I think, was in October." While this conversation was to a certain extent denied by appellant, still the jury had a right to

believe appellee if they saw fit.   If they believed appellee they must believe that the hedge was cut and the new fence built with the consent of appellant, which is inconsistent with the theory contended for by appellant that the hedge was recognized as the division fence.

Without attempting to review the testimony of the various witnesses, but after a full examination of the record, we find it conflicting on many points.  The real controversy is one of fact, and it is the province of a jury to decide all questions of fact.   This court said in *Illinois Central Railroad Co.* v. *Gillis*, 68 Ill. 317: "If any rule of this court can be so well established as to be neither questioned nor require the citation of authorities to support it, it is that a verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by a fair and reasonable intendment, will authorize a verdict, notwithstanding it may appear to be against the strength and weight of the testimony." (*Johnson* v. *Moulton*, 1 Scam. 532; *Stickle* v. *Otto*, 86 Ill. 161; *Louisville, Jacksonville and Chicago Railroad Co.* v. *Terhune*, 50 id. 151; *Roney* v. *Monaghan*, 3 Gilm. 85; *O'Reily* v. *Fitzgerald*, 40 Ill. 310.)   In the case of *Tolman* v. *Race*, 36 Ill. 472, which was also an action of ejectment, the question presented on the trial was as to what was the boundary between adjoining quarter sections of land and the true location of a certain corner, and on these questions there was much conflict in the testimony.   This court said (p. 477): "It is the peculiar province of a jury to weigh evidence and reconcile it if possible, or if that cannot be done, then to decide according to the weight of the evidence as it may appear to them.   They have so done in this case, and we cannot say their verdict is so manifestly against the evidence as to justify this court in setting it aside."

It is urged on the part of appellant that the court erred in giving defendant's fourth and fifth instructions. We fail to see such inaccuracy in the fourth instruction

of defendant as could have misled the jury. The fifth instruction is open to criticism in failing to state that plaintiff might include the possession of his grantors with his own possession, to constitute the required twenty years. The rule is, as held in *Lawrence* v. *Hagerman*, 56 Ill. 68, "that the instructions given for the plaintiff and defendant must be construed together, and when so considered, if they state the law correctly as a whole, the error that may appear in one series will be deemed corrected by the other."

Plaintiff's third instruction was as follows:

3. "The court instructs the jury, if you believe, from the preponderance of the evidence, that the grantors of the plaintiff held the open, notorious, adverse, hostile, peaceable, uninterrupted and continuous possession of the land in question for some time, under claim of ownership thereto, and that they conveyed one from another down to the plaintiff herein, and that under said conveyance the plaintiff took possession of the land in question and held the open, notorious, adverse, hostile, peaceable, uninterrupted and continuous possession thereof, under claim of ownership, from the time of such conveyance to the time it is alleged in the declaration that the defendant took possession thereof, and that such possession of the said grantors of the plaintiff and the possession of the plaintiff together amount to a period of twenty years or more prior to the time it is alleged in the declaration that the defendant took possession thereof, then the plaintiff would be the absolute owner of the said land, then, if you further believe, from the preponderance of the evidence, that the defendant took and unlawfully withheld from the plaintiff the possession thereof, as alleged in the declaration, then you should find a verdict for the plaintiff."

In this instruction the jury are expressly told that the plaintiff's grantors' possession and the plaintiff's possession may be considered together in making up the period

of twenty years, which, taken in connection with defendant's fifth instruction, must be held to have modified it to that extent.

The refusal to give the first and second of plaintiff's instructions was not error, for the reason that the substance of them was embodied in other instructions given.

Finding no material error in the record the judgment will be affirmed.

*Judgment affirmed.*