## Phenix Insurance Co. v. Homer E. Mills.

1. WITNESSES—*Non-experts Can Not Give Conclusions.*—Non-expert witnesses are to state facts only, and not give their conclusions, leaving such conclusions to be drawn by the jury from all the facts and circumstances in evidence.

2. VERDICTS—*When They Will Not be Disturbed.*—Where a plaintiff has produced substantial evidence in support of every fact necessary to his right of recovery. or 'where a defendant has produced substantial. evidence in support of every fact necessary to his defense, and there has been a full and fair trial, and nothing appears to indicate passion, prejudice, mistake, fraud, or other disqualification, incapacity, or misconduct on the part of the jury, nor anything surrounding the case or trial reasonably calculated to improperly influence the action of the jury, the verdict must stand.

Assumpsit, on an insurance policy. Appeal from the Circuit Court of Jackson County; the Hon. ALONZO K. VICKERS. Judge, presiding. Heard in this court at the August term, 1899. Affirmed. Opinion filed March 16, 1900.

YOUNGBLOOD & BARR and A. S. CALDWELL, attorneys for appellant.

JOHN M. HERBERT, attorney for appellee; WILLIAM A. SCHWARTZ, of counsel.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in assumpsit in the Circuit Court of Jackson County, by appellee against appellant, to recover on an insurance policy for loss by fire. Trial by jury; verdict and judgment for $1,075.

This case was before us at the February term, 1898, and was reversed and remanded, on account of an erroneous instruction. It is reported in 77 Ill. App. 546.

The declaration consists of two counts, in the usual form, specially declaring on the policy and common counts. To this declaration appellant filed the general issue and a number of special pleas, among them its third, as follows:

"And for a further plea in this behalf, defendant says, *actio non*, because it says that it is further provided in and by said insurance policy set out in plaintiff's declaration, among other things, as follows: 'This company shall not be liable for loss caused by the neglect of the insured to use all reasonable means to save and preserve the property insured at and after a fire, or where the property is endangered by fire in neighboring premises.' And defendant avers that the fire which destroyed the property for which this suit is brought, originated in the room or house in which plaintiff's goods were located, and was discovered about eleven o'clock at night; that the store house in which the fire was discovered was locked so parties could not enter; that the plaintiff was immediately notified of the fire, and came upon the premises and absolutely refused and forbade any person to enter the building.

"And defendant avers that at the time plaintiff came to the building, a number of men had gathered at the place, some with buckets of water, and if plaintiff had unlocked his doors at the time and permitted the parties present to enter the store with water, they could have extinguished the fire and saved the goods, or nearly all of the goods, from damage and destruction; but defendant avers that plaintiff at that time refused to unlock the door of the building, and forbade any person to enter the building, stating that his goods were insured and he wanted pay for them. By reason whereof said defendant avers that plaintiff forfeited all right of action against said defendant under said policy for the loss of said goods. All of which defendant is ready to verify, wherefore, etc."

Appellant's counsel in their brief state, "this is a controversy over facts, rather than questions of law." And as to the issues before us on this appeal, they say: "The case turns upon the issues, first, whether appellee proved by a preponderance of the evidence that he had $1,433.33 worth of goods destroyed in the fire, and second, whether appellant proved its third plea by a preponderance of the evidence." It is urged, however, that the court erred in refusing to admit certain evidence offered in behalf of appel-

lant, and in giving a certain instruction at the instance of appellee.

Witness Goodwin, testifying on behalf of appellant, was asked: "Mr. Goodwin, if Mr. Mills had opened the door when he first came there, with Whaley there with these buckets of water, could the fire that was then in the store ·have been extinguished?" To this question the court sustained an objection and appellee's counsel excepted, and repeated the substance of the question in form as follows: "Mr. Goodwin, could you and Whaley have put out the fire with the two buckets of water you had, if Mr. Mills had promptly opened the door when he first arrived there?" Objection sustained, exception taken, and the witness, without further objection, continued as follows:

"The flame, when I first saw it, looked like a torch. A ·man would have had to go about twenty or twenty-five feet back into the building to throw water onto the fire. My best judgment is that from the time Mills got there until the door was opened was five or ten minutes. There was a well within one hundred feet, and the creek with water in it, and a bridge right there, and a good bank was a hundred feet away. I thought we could put it out without alarming the whole country."

Substantially the same course was taken with witness Hopkins, who, continuing without further objection, said:

"If parties had been in the building at the time, they could have easily thrown water on the fire."

The witness Thomas was also allowed, without objection, to give it as his opinion, that "if the door had been opened when he first got there, the men with the buckets of water could have thrown it on the fire." Witness Whaley, to whom the same question was asked, and objection sustained, gave a very full account, in detail, of the conditions as they appeared to him, but did not offer to express any opinion. No limit was placed upon the liberty of any witness to relate and describe, to the fullest, all that he saw or heard or in any manner observed.

The general rule is that non-expert witnesses shall state facts only, and not give their conclusions, leaving the con-

clusions to be drawn by the jury from all the facts and circumstances in evidence. There are many exceptions to this rule, and appellant's counsel contend that the conditions confronting them falls within the exceptions. In City of Chicago v. McGiven, 78 Ill. 347, the court says:

"The opinions of witnesses should not be received as evidence, where all the facts on which such opinion is founded, can be ascertained and made intelligible to the jury."

We think that all the facts upon which the opinions of the witnesses, in this case, could have been properly based, were susceptible of being made intelligible to the jury. A case much in point is Brink's City Express Company v. Kinnare, Adm'r, 168 Ill. 643. In that case the question was asked, "If the driver had seen the little boy there, do you think he could have stopped in time to avoid the accident?" The court says:

"The question was clearly improper. * * * The witness was not shown to have had any peculiar or superior skill for the determination of the question asked him. It was for the jury to find the facts from all the evidence, and not for the witness to say what he thought about it."

We are of opinion the trial court committed no error in sustaining objections to the question as asked.

Appellant's counsel complain of the action of the court in giving the seventh instruction asked by appellee, and contend that it is obnoxious to the rule against singling out particular portions of the evidence, and giving them undue prominence. This position is not well taken. The instruction does not single out any portion of the evidence, but only directs the jury to one of the material averments in appellant's third plea, and states the law applicable to the issue of fact raised thereby, and contested on the trial.

When this case was before us on the former occasion, the record contained an instruction relative to this same issue, which we then held was misleading, and we pointed out wherein it was misleading. The instruction as given on the last trial contains no such errors.

The chief contention in this case is, not that there is no

evidence to support. the verdict, but that the verdict is against the weight of the evidence. The law makes the jury the judges of the credibility of the witnesses and of the weight of the evidence. True, it is the duty of the Appellate Court to review the evidence, and its conclusions thereon are final, but where a plaintiff has produced substantial evidence in support of every fact necessary to his right of recovery, or where a defendant has produced substantial evidence in support of every fact necessary to his defense, and there has been a full and fair trial, and nothing appears to indicate passion, prejudice, mistake, fraud or other disqualification, incapacity or misconduct on the part of the jury, nor anything surrounding the case or trial reasonably calculated to improperly influence the action of the jury, then the verdict must stand. To set aside a verdict returned under such circumstances, would be to deny to a party his constitutional right to a trial by jury. In I. C. R. R. Co. v. Gillis, 68 Ill. 317, opinion by Mr. Justice Schofield, the court says :

" If any rule of this court can be so well established as to be neither questioned, nor require the citation of authorities to support it, it is that a verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony."

This is the true rule in the Appellate Court now, and is as binding upon the Appellate Court as it ever was upon the Supreme Court.

We find no material error in this record. The judgment of the Circuit Court is affirmed.