### The City of Alton v. Valentine Wolf et al.

1. VERDICT—*When It Will Not Be Set Aside.*—A verdict will not be set aside where there is a conflict of evidence, and the facts and circumstances, by a reasonable intendment, justify the verdict. Nor will it be set aside where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict.

Trespass on the Case, on promises. Appeal from the Circuit Court of Madison County; the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the August term, 1902. Affirmed. Opinion filed March 2, 1903.

City of Alton v. Wolf.

On September 18, 1898, appellees contracted with appellant to build a sidewalk twelve feet wide on Dry street, in the city of Alton, in pursuance of which they commenced excavating and grading for said walk. On October 13, 1898, they were notified by the city engineer to stop further work on Dry street, the city, by ordinance passed October 11, 1898, having changed the width of the sidewalk from twelve to eighteen feet. The cost of the grading done by appellees at the price fixed in the contract was $349.80.

Appellees also had a claim for work done on Sixth street, which was presented to the city council on December 13, 1898. The committee to which this claim was referred, on February 13, 1900, recommended its allowance in the sum of $333.49, which amount was subsequently paid and accepted. The report of the committee to which claim was referred is as follows:

"ALTON, ILL., February 13, 1900.
To THE HONORABLE MAYOR AND CITY COUNCIL OF THE CITY OF ALTON.

GENTLEMEN: Your committee on finance, to whom was referred the claim of Wolf, Maupin & Curdie, for certain money alleged to be due them on account of expenses incurred and profits on a contract which was awarded to them for building a sidewalk on Sixth street from Liberty street to Spring street, and which, on petition of property owners, was canceled by order of the city council, would report that the claim has received a favorable indorsement of a former committee on claims of this council, also by a former city engineer, as to the expense incurred by the above firm, preparatory to commencing the improvements, but on whose reports no definite action was taken. In order to avoid what may prove to be an unnecessary expense in defending the suit brought against the city under the above circumstances, we would recommend that the finance committee in making up the next annual appropriation bill be instructed to incorporate the sum of $333.49 to meet this obligation.

Respectfully submitted,
GEO. T. DAVIS,
A. L. DANIELS,
GEO. W. WESCOTT."

The declaration set out the contract, and the different

ordinances pertinent to it. It alleges that plaintiffs did grading to the amount of $349.80 on Dry street, after which they were not permitted to do further work. It also avers a loss of profits of $500.

Defendant demurred to the declaration, which demurrer was overruled. Plaintiffs subsequently amended declaration, to which amended declaration defendant pleaded the general issue, and gave notice that on the trial " the defendant will give in evidence in defense, proof of the release of the contract set up in said declaration and satisfaction to the plaintiffs for all work done by them on Dry street."

Judgment for plaintiffs for $349.80, from which defendant appealed.

ALEX. W. HOPE and B. J. O'NEILL, attorneys for appellant.

LEVI DAVIS, attorney for appellees.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

The issue of fact involved in this case, is, whether the settlement based on this report of the committee was for work done on Sixth street only, or whether it included also work done on Dry street. Appellant insists, that to secure the amount recommended by the committee, and paid by the city, appellees agreed to waive both their claims for damages for terminating their Dry street contract, and for work actually done on Dry street. Appellees insist that all they agreed to waive was their claim for estimated profits on the unfinished part of Dry street, and deny that they waived any claim for work actually done on Dry street under the contract.

If the amount paid and accepted was only for work done on Sixth street, and did not include a settlement for work done on Dry street, appellees were entitled to recover. The jury found that it did not include the Dry street work, and rendered a verdict for $349.80, the amount proved for that work at contract price.

The members of the finance committee were Geo. T. Davis, A. L. Daniels and Geo. W. Wescott. A. W. Young, mayor of the city of Alton, Davis, of the finance committee, Conner, an alderman, and Gossan, comptroller, testify that they were present at the meeting of the finance committee when its report in evidence was agreed upon; that appellees Maupin and Curdie were present, and agreed that if the Sixth street claim was allowed they would waive the Dry street claim.

Gossan testifies that there was no bill before the finance committee on the Dry street matter. There was a bill prepared for the Sixth street work.

Robert Curdie, one of the appellees, testifies that he was cited to appear before the committee on the Sixth street claim. That he was present, and in order to induce a settlement of the Sixth street claim, "we agreed that the estimated profits of the Dry street work should be knocked off, that is, we were to receive no pay for the estimated profits, only for the work actually done."

J. H. Maupin, an appellee, referring to the meeting of the finance committee, testifies:

"There was no bill put in for Dry street work; I don't think there was anything said about the Dry street matter whatever. It had been taken up previous to that time with the aldermen. We always said, if we could settle the Sixth street matter without suit, that we would waive estimated profits on Dry street, but not for the actual work done. We presented a bill for Dry street work a year or a year and a half before Mayor Young came into office."

L. D. Yager, who was corporation counsel, testifies:

"The substance of the understanding was, to the best of my recollection at this time, that if all claims for estimated profits or damages on Dry street should be waived they would settle for the Sixth street matter. They were to waive the estimated profits on the Dry street claim, if the Sixth street claim was settled."

The claim for Sixth street was presented December 13, 1898.

The evidence as to the Dry street claim is thus seen to be conflicting. There are some circumstances tending to

corroborate the testimony for appellees. A reference to the report of the committee shows that it specifically mentions the Sixth street claim, but has no reference whatever to the Dry street claim. It is also in evidence that this latter claim was not before the committee. If the report of the committee was conditioned upon an abandonment of appellee's claim under the Dry street contract, it is singular that no mention was made of this condition.

Again, it is not disputed that the work done on Dry street, at the contract price, amounted to $349.80. If the city prevented the completion of this work, there should be a clear claim against it for at least that amount. Appellees were allowed $333.49 for damages under the Sixth street contract. Is it reasonable that appellees would have waived both their claim for estimated profits in the Dry street contract and for the work actually done, amounting to $349.80, to secure a settlement of a claim for $333.49?

A verdict will not be set aside when there is a conflict of evidence, and the facts and circumstances by a reasonable intendment authorize the verdict. Nor will it be set aside "where the evidence of the successful party, when considered by itself, is clearly sufficient to sustain the verdict." Calvert v. Carpenter, 96 Ill. 63; Shevalier et al. v. Seager et al., 121 Ill. 564; Illinois Central R. R. Co. v. Gillis, 68 Ill. 317.

Tested by the doctrines of these cases, and of many similar ones that might be cited, the verdict in this case should not be set aside as unsupported by the evidence.

We see no material error in the first instruction for appellee. It tells the jury, after stating if, from the evidence, they believed certain conditions to have been proved, "that the city would be liable to pay plaintiffs for the work done by them on Dry street at the rate provided in said contract," unless settled for, or released, etc.

Counsel for appellant claim that this invaded the province of the jury, and that the testimony of appellees shows that they had waived all estimated profits, while to give them contract price for excavating, would give them profits on this part of the work.

In answer, it may be said that profits for work already done are not estimated profits, but profits already earned.

And again, a reference to the testimony of Maupin shows that this point is not sustained by the evidence. He testifies: "We always said if we could settle the Sixth street matter without suit, we would waive estimated profits on Dry street, but *not for the actual work done.*"

This does not show a waiver of profits on the work that was done. A fair construction of the language is, that contract price for the work done was not waived.

If plaintiffs on their part proved a liability on the part of the city, it was for the city to prove by a preponderance of the evidence, a release, or settlement for such liability. The instruction does not, as claimed by counsel, contain error upon this point.

The remarks of counsel for appellees objected and excepted to, do not amount to error.

Finding no error in the record, the judgment is affirmed.