### Henry Thompson v. A. J. Koperlski.

1. INSTRUCTIONS—*To be Considered Together Where Not Repugnant.*—Where the instructions in a case are not repugnant they should be considered together as a series.

2. VERDICTS—*Where Not to be Set Aside.*—A verdict will not be set aside where there is a contrariety of evidence and the facts and circumstances by fair and reasonable intendment will authorize the verdict returned.

**Trial of the Right of Property.**—Appeal from the Circuit Court of St. Clair County; the Hon. SILAS COOK, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed June 15, 1903.

F. H. SULLIVAN and LOUIS KLINGEL, attorneys for appellant.

DAN McGLYNN and DEMPCY & WASHBURN, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a trial of rights of property, commenced before a justice of the peace of St. Clair county, upon notice of appellee. The trial in the justice court resulted in a judgment in favor of appellee. Appellant appealed the case to the Circuit Court, where two trials were had, the first resulting in a disagreement of the jury, and the second resulting in a verdict and judgment in favor of appellee. Appellant brings the case to this court by appeal and asks a reversal of the judgment of the Circuit Court.

Appellant was a constable and levied an execution for $86.20 upon a stock of groceries, meats and provisions, two horses, two wagons, three sets of harness, two top buggies, three counters, a lot of shelving, four scales, one refriger-

ator and one lot of butcher tools, as the property of one Manderville, the defendant in execution. Appellee claimed the property levied on, served upon appellant the proper notice of his claim, and thereupon the usual course of procedure in such cases followed.

Upon the trial resulting in the judgment appealed from, there was no substantial error in the rulings of the trial court as to the admission or rejection of evidence.

Counsel for appellant urge many objections against the instructions given by the trial court on behalf of appellee.

A large number of instructions were asked and given on behalf of each side. Those given on behalf of appellee are not wholly perfect, but they are not of the class denominated repugnant, and when all the instructions are considered together, as must be done in a case of this kind, we think the law as given to the jury was as favorable to appellant as the issues and evidence warrant.

The only remaining question is as to the weight of the evidence. The most favorable view for appellant that this record will support is, that the evidence as to some of the material issues is contradictory and conflicting.

" A verdict will not be set aside where there is a contrariety of evidence and the facts and circumstances by fair and reasonable intendment will authorize the verdict returned." Shevalier v. Seager, 121 Ill. 564.

If any rule of this court can be so well established as to be neither questioned nor require the citation of authorities to support it, it is that a verdict will not be set aside whenever there is a contrariety of evidence and the facts and circumstances by fair and reasonable intendment will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony." I. C. R. R. Co. v. Gillis, 68 Ill. 317 (319).

The above quoted rule is as binding upon the Appellate Court now as it ever was upon the Supreme Court. It is under our constitution binding upon all courts whose duty it is to review the verdicts of juries as to findings of fact.

The judgment of the Circuit Court is affirmed.