## Chicago City Ry. Co. v. Edward Iverson.

1. PLEADING—*Sufficient Statement of Negligence of Motorman in Driving a Car.*—A count which charges that the defendant by its servants so carelessly and negligently managed its said car that by and through the carelessness and negligence of the defendant by its servants in that behalf the said car then and there ran into and struck with great force upon and against the carriage of the plaintiff, is sufficient.   Under such a count all the attendant facts and circumstances may be given in evidence.

2. STREET RAILWAYS—*Rights of Company at Street Crossings.*—At street crossings the rights and duties of the company and the public are identical.

3. EVIDENCE—*Province of the Jury to Weigh.*—It is the peculiar province of the jury to weigh evidence and reconcile it, if possible; or if that can not be done, then to decide according to the weight of the evidence as it may appear to them.

4. VERDICT—*When it Will Not be Set Aside.*—A verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances by a fair and reasonable intendment, will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony.

**Trespass on the Case,** for killing horses.   Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1902.   Affirmed.   Opinion filed June 18, 1903.

JOHN W. BYAM, attorney for appellant.

WILLIAM ELMORE FOSTER and JOHN C. STETSON, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is an action brought by appellee against appellant for damages resulting from the killing of a horse, and injury to another horse, carriage and harness, in a collision with one of appellant's cars.

It appears from the evidence that in the evening of November 1, 1900, appellee, with others, was being driven by an experienced driver in a closed carriage east along Thirty-second street in the city of Chicago; that where that

street crosses Indiana avenue there is a jog, the south line of the street on the east line of the avenue being about twenty-five feet further north than it is on the west line; that as the carriage approached the avenue, upon which appellant was running its cars, the driver heard the sound of a car coming from the north; that when the car passed him, upon account of the jog in the street, and to avoid certain holes in the roadway, the driver turned his team in a northeasterly direction and proceeded on his way; and that, after crossing the west street car track and coming upon the east track a car from the south struck the horses and carriage, thus inflicting the damage of which complaint is made.

A trial by jury resulted in a verdict for appellee, fixing his damages at $421.85, upon which judgment was entered. From that judgment an appeal was taken to this court.

The first and fifth counts of the declaration each charges general negligence upon the part of appellee in the management of its car, without setting forth any particular fact or facts which constituted such negligence.

The second count alleges that appellant ran its car at a high and dangerous rate of speed; the third, that it ran such car at a high and dangerous rate of speed without giving any warning; the fourth, that no bell was rung or other warning given of the approach of the car.

The plea was the general issue.

Appellant says that "negligence generally, in the driving and management of the car, without any averment of specific acts, either of omission or commission, being a mere conclusion, is not sufficient for the admission of proof, or the basis of a judgment." Whatever may have been the law in this state before the filing of the opinion in Chicago City Ry. Co. v. Jennings, 157 Ill. 276, from that date the rule has been and still is, a count which charges that the defendant by its servants so carelessly and negligently managed its said car that by and through the carelessness and negligence of the defendant by its servants in that behalf the said car then and there ran into and

struck with great force upon and against the carriage of the plaintiff, is sufficient. Under such a count all the attendant facts and circumstances may be given in evidence. Chicago & Alton R. R. Co. v. Redmond, 171 Ill. 348; Chicago Gen. R. R. Co. v. Carroll, 189 Ill. 275.

There is evidence tending to prove negligence of the motorman in the handling of his car and the rate of speed of the car at the time of the collision. He says: " I first saw the team when they got in the fender." John T. Bourke and Timothy Bourke, who were standing by the motorman on the front platform, say that he was talking to a fellow-employe about working overtime; that the car was going fast, and the motorman gave no warning; that no bell was rung; that they did not see the motorman do anything; and that the car ran from fifty to seventy-five feet after it struck the carriage. Frederick Loyce, an expert witness for appellant, says: "Going at the rate of ten miles an hour the car can be stopped in forty or fifty feet." That this car, with one horse under it, ran such a distance, or any considerable distance, after the collision, justified the jury in the finding which inheres in their verdict, that this car was then being run at a high and dangerous rate of speed.

Frederick Loyce, a witness called by appellant, a motorman then in the employ of appellant, who stood alongside the motorman running this car, says:

" I did not notice anything until I heard the motorman say, ' O my God ! ' and I looked down and saw a couple of horses in front of me, and I could not see the carriage."

He does not remember whether or not the gong was sounded. Patrick Kelley, who was also upon the front platform of this car, says that he does not recollect hearing the sound of the gong. The testimony of Ellen Kelley, who was seated inside of the car, is to the same effect. The driver of the carriage, and appellee and his son-in-law, who were in the carriage, heard no bell. If to these negative statements be added the affirmative testimony of Timothy Bourke and of John T. Bourke that no bell was rung,

and that no warning was given, there is ample evidence, if believed by the jury, to warrant them in finding that appellant was negligent in this regard.

This accident occurred at a street crossing. Hence the rights and duties of each of the contending parties were identical. The driver of appellee had been in his employ as coachman for fifteen years, and knew the condition of this crossing. At eleven o'clock P. M., of November 1, 1900, he started from Hotel Metropole at Twenty-third street and Michigan avenue, drove south to Thirty-second street and then turned east toward Indiana avenue, a block distant. He says that his team was on an easy trot along the right hand side of the roadway; that when in the middle of the block he heard the sound of a car from the north on Indiana avenue and pulled his horses to a walk, and as he came to the crossing he stopped them to let the car pass; that as soon as the car passed he looked both ways, and there was no car in sight except the one that had passed by; that he tightened up the lines and pulled to the northeast so as to cross the tracks; that he did this because of the jog in the street and in order to avoid two big holes in the pavement; and that while his attention was taken up in the effort of guiding his horses between these holes the car came upon him.

" I had no warning of the approach of the north-bound car before it struck me. I did not hear any bell ring. I did not have anything to drink that night; never do drink any."

If the jury believed this witness, they were justified in finding that he was not guilty of contributory negligence.

It is true that upon each and all of these questions of fact appellant offered evidence conflicting with that referred to; but we can not say that in any instance the evidence presented by appellant so preponderates in its favor that it becomes our duty to set aside this verdict. The jury saw and heard the witnesses. It is their peculiar province to judge of the credibility of witnesses and the weight to be given to their testimony. The learned trial judge, who had

the like opportunity, has by his judgment approved the finding of the jury.

In Tolman v. Rice, 36 Ill. 477, the court say:

"It is the peculiar province of a jury to weigh evidence and reconcile it, if possible; or if that can not be done, then to decide according to the weight of the evidence as it may appear to them."

In Ill. Cent. R. R. Co. v. Gillis, 68 Ill. 317, the Supreme Court decide :

"If any rule of this court can be so well established as to be neither questioned nor require the citation of authorities to support it, it is that a verdict will not be set aside whenever there is a contrariety of evidence, and the facts and circumstances, by a fair and reasonable intendment, will authorize a verdict, notwithstanding it may appear to be against the strength and weight of the testimony."

The above language is quoted with approval in the case of Lourance v. Goodwin, 170 Ill. 393, and many other cases there cited.

The only controversies in this case are based upon questions of fact. It is the province of the jury, and not that of the court, to decide such questions. From a careful reading of the record we are convinced this verdict is not so clearly and palpably against the weight of the evidence that we should set it aside. The judgment of the Superior Court, therefore, is affirmed.