### John W. Moore, et al. v. John Grachowski.

1. VERDICT—*when not disturbed.* A verdict will not be disturbed where the evidence is conflicting, if the facts and circumstances appearing in evidence, by fair and reasonable intendment, sustain it.

2. PROXIMATE CAUSE—*how determined.* The question whether the negligence of the defendant was the proximate cause of the injury complained of, is one of fact for the determination of the jury.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed October 12, 1903.

BROWN, WHEELER, BROWN & HAY, for appellants.

SHUTT & GRAHAM and HUGH J. GRAHAM, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by appellee against appellants,

to recover damages for personal injuries sustained by him while in their employ as a coal miner. The trial resulted in a judgment in favor of the plaintiff for $1,000, from which defendants appeal.

The verdict was returned under the third count of the declaration, which avers that by reason of the defendants having failed to sprinkle, spray or clean the roadways, galleries and entries of their mine, the air in them became charged with dust; that an explosion occurred in the entry, whereby plaintiff was severely burned and injured, and that said explosion was caused and aggravated by the presence of dust therein, which was negligently allowed to collect, be and remain in said entry.

It is not denied in argument, in this court, that the room in which appellee was working at the time of the explosion, and the entry connected therewith, contained fine dust composed of shale, fireclay and coal which had fallen from the roof and sides of the mine, the chief constituent of which was powdered coal, and which covered the floors to a depth of from two to ten inches in different places; nor is it denied that the room and entry had not been sprinkled, sprayed or cleaned for at least two months prior to the explosion, or that appellee was injured thereby. Appellants strenuously insist, however, that there is no evidence whatever in the record tending to show that the presence of dust caused the explosion, and on the contrary contend that the dust was neither explosive nor inflammable, and that the explosion was the result of appellee's negligence. This is the only question argued by appellants in this court.

We have carefully considered the evidence, which tends to prove, substantially, the following facts: plaintiff on the evening of the explosion had, on two different occasions, drilled holes in the face of the coal in his room, and fired shots which were ineffective. He then drilled a third hole crossing the former ones, lighted the squib, retreated to the entry, and stood behind the outer wall between the room and the entry, at a distance of over 160 feet from the place where he had fired the shot. Appellee contends, and

there is evidence tending to show, that when the shot exploded it raised the dust; that the coal powder in the air became ignited, and that the flames rushed wherever there was dust to feed them, down the room to the entry, and thence down the entry to where appellee was standing. The effect of the explosion, by whatever caused, felled appellee to the ground and burned him severely, as charged in the declaration. Appellee further contends that the mine was free from gas, and that the shot was properly fired. Appellants contend, and there is evidence tending to show, that the third hole was improperly drilled; that gas had accumulated in the holes first drilled, and that the firing of the last shot ignited the gas and caused the explosion.

Thomas Black, called for appellee, testified in substance that at the time of and immediately prior to the explosion, he was standing in the entry between the door of his room and that of appellee; that when appellee fired the third shot, he ran out of his room into the entry, and stood four or five feet north of the door, and about twenty feet from appellee, waiting for the shot to explode; that when the shot went off, the air was immediately thickly filled with sparks that seemed as large as hail stones, and resembled those that came out of chimneys, and that he, witness, was severely burned by them.

Joseph Smith, called for appellee, testified that he had been mining coal for eighteen years; that he was in the entry referred to the next morning after the explosion; that in his opinion, based upon his experience, the explosion was caused by the dust; that dry dust is inflammable; that he believed it was a dust explosion because the dust raised with the sparks; that the dust was composed of fireclay and coal ground fine by the mules tramping upon it; that while neither fireclay nor fine coal would explode by themselves, when the two were mixed together they would; that when the dust becomes fine it will float in the air and when it explodes will burn everything it reaches.

Adam Grachowski, called by appellee, testified that he had mined coal for nine years; that dust such as was in the

entry in question is inflammable; that in his opinion, based upon his experience in mining coal, the unusual explosion was caused by the dust, and that in the absence of such dust, such explosion could not have occurred.

Constant Bolt, called for appellee, testified that he had worked as a miner in appellants' mine for over two years; that at the time of the explosion he was in the entry at least two hundred feet from where appellee was standing; that the explosion knocked witness down; that in his opinion the dust caused the explosion, and that no ordinary shot alone could have produced that effect upon him at that distance.

Appellee testified that at the time of the explosion he was over 160 feet from the place where he fired the shot; that when it occurred flames came into his face and knocked him down, and that after that he was unconscious.

Walton Rutledge, state mine inspector, called by appellants, testified that the dust arising from coal, slate and fireclay would not explode, but that if a heavy flame of fire came in contact with fine coal dust floating in the air, it would burn and create sparks which would fill the entire place.

While the evidence is somewhat conflicting, and that on the part of appellants tends to show that the explosion which caused the injury to appellee was caused by his own negligence in either improperly drilling the hole or in overcharging the shot, and was caused by gas accumulating in the holes first drilled, we think the facts and circumstances, by fair and reasonable intendment, authorized the verdict rendered.   I. C. R. R. Co. v. Gillis, 68 Ill. 317.

Appellants further contend that the evidence fails to show that the presence of the dust was the direct and proximate cause of the injury.

Whether the negligence of a defendant is the proximate cause of the injury is a question of fact for the determination of the jury.   R. R. Co. v. Mochell, 193 Ill. 210.

The evidence fairly tends to show that the presence of the dust, the firing of the shot and the explosion in the

entry followed in unbroken sequence to the injury, without an intervening efficient cause, and that appellants by the exercise of ordinary care, could have foreseen that some injury might result from their negligence in permitting the dust to collect and remain in the entry, without sprinkling or spraying the same. Car Co. v. Laack, 143 Ill. 242.

It is not contended, in this court, that the trial court erred in its rulings upon the evidence, or instructions, or that the damages are excessive. The judgment will therefore be affirmed.

*Affirmed.*