## Joseph J. Tremblay v. Tri-City Railway Company.

### Gen. No. 4,280.

1. VERDICT—*when, not disturbed.* The Appellate Court will not
disturb a verdict as contrary to the preponderance of the evidence un-
less it appears to be clearly and palpably wrong.

2. INSTRUCTION—*when modification of, is not improper.* Where the
plaintiff's contention is that he received an injury by reason of the
sudden starting of a car and asks an instruction upon such theory, it is
not improper for the court to add after the word "suddenly," as used in
such instruction, the words " and negligently."

Action on the case for personal injuries. Appeal from the Circuit
Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge,
presiding. Heard in this court at the October term, 1903. Affirmed.
Opinion filed March 14, 1904.

W. C. ALLEN and J. T. KENWORTHY, for appellant.

JACKSON, HURST & STAFFORD, for appellee.

MR. JUSTICE FARMER delivered the opinion of the court.

Plaintiff sued defendant in an action on the case for
damages alleged to have been sustained by being thrown
to the ground by the negligence of defendant in suddenly
starting a car while plaintiff was in the act of boarding it.
Plaintiff's injury was to the ankle joint and the tissues

over the shin bone. From the evidence it appears to have been a painful and somewhat serious injury. The jury found for the defendant. Except as to the ruling of the trial court in modifying one and refusing two instructions offered by plaintiff, this record presents no question of law for our determination. No one saw the accident to the plaintiff. The car, at the time it is alleged to have happened, had no conductor and was in the charge of the motorman alone. But two passengers were on the car and neither they nor the motorman saw plaintiff thrown. A Mr. Keeley, who was one of the passengers, testified for plaintiff and his testimony tended in some respects to corroborate that of plaintiff as to stopping and starting the car, and that plaintiff when he came in the car had the appearance of having been down on the ground. The motorman and the other passenger, a lady, testified for defendant and their testimony was in conflict with that of the plaintiff and Mr. Keeley; in some essential respects, sharply so. It would serve no good purpose to detail the evidence. We have read it carefully and cannot say that the verdict was so unsupported by it as to be clearly wrong. The jury and trial court had opportunities for determining the weight and credit proper to be given to the testimony which we have not, and it is not the province of an Appellate Court to disturb a verdict unless it appears to be clearly and palpably wrong. Gill v. Crosby, 63 Ill. 190; I. C. R. R. Co. v. Gillis, 68 Ill. 317; Phoenix Ins. Co. v. Mills, 89 Ill. App. 58.

Plaintiff's first instruction, as asked, after defining the duties of defendant as a carrier of passengers, told the jury that, if at a signal from plaintiff, the car was stopped for him to get aboard, and that while he was in the act of doing so in a reasonable and proper manner and exercising due care and caution, the car was suddenly started and by means thereof the plaintiff was thrown to the ground and injured as charged in the declaration, then the jury should find for plaintiff. The court modified the instruction by adding after the word "suddenly" the words "and negligently." This it is claimed was erroneous as it cast an additional

burden on plaintiff in proving his case that was not required by law. To our minds the modification did not have that effect. Plaintiff to recover was bound to prove he was injured by the negligence of defendant. His contention is, that the sudden starting of the car was sufficient proof and that the addition of the words "and negligently" led the jury to understand that negligence, in addition to suddenly starting the car, must be proven. We think no such meaning can reasonably be attributed by the language used. As modified, the instruction was almost in the language of two of the three counts of the declaration. The sudden starting of the car which was claimed to have caused the injury must have been shown to be negligence in order to afford plaintiff ground for recovery, and the addition of the words mentioned required nothing more of plaintiff than proof that the defendant, as averred in the first count of the declaration, "negligently, suddenly started" the car, or as averred in the second count "negligently and suddenly and violently" started it.

It is insisted the court erred in refusing two instructions offered by plaintiff. Each of these instructions told the jury defendant was liable if the car was suddenly started while plaintiff was attempting to board it and did not submit to the jury to find whether the act complained of was negligence. Moreover, the instructions given covered every material question contained in those refused and we are of opinion plaintiff was not prejudiced by the court's rulings in modifying and refusing instructions.

The judgment is affirmed.

*Affirmed.*