## J. C. Utter, Appellee, v. Merkle-Wiley Broom Company, Appellant.

VERDICTS—*when not disturbed.* A verdict will not be set aside whenever there is a contrariety of evidence and the facts and circumstances by fair and reasonable intendment will authorize a verdict notwithstanding it may appear to be against the strength and weight of the testimony.

Assumpsit. Appeal from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

SHEPHERD & TROGDON and HENRY S. TANNER, for appellant.

FRANK T. O'HAIR, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellee against appellant, a corporation engaged in the manufacture of brooms at Paris, Illinois, for the recovery of a balance of salary claimed to be due him for services as a traveling salesman. A trial by jury in the Circuit Court resulted in a judgment in his favor for $600.

At the time of the institution of the suit, appellee had been in the employ of appellant for ten or eleven years, soliciting orders in several of the eastern states. It had been his practice to travel in each year from the first of February until some time in May, and from September until December. The evidence shows that at the beginning of the year 1908, appellee asked

that he be allowed to work seven and a half months, and allowed a vacation of four and a half months during the hot weather, for the sum of $1,500 for the year, and that such agreement was construed by the parties to mean $200 a month for the months he actually traveled. At the beginning of the year 1909, he entered into a new contract with appellant, as to the terms of which the parties are in controversy. He testified that the president of the company informed him at that time that they could not pay him as much as they had the year before, unless he traveled more months, and that the company would pay him but $150 per month during the ensuing year, and that he accepted the proposition. After the making of the latter contract, appellee traveled during the months of February, March and April, 1909, until the first of May, when he was called home by the president of appellant. During the months of June, July and August, he testified that he remained in Paris, but called frequently at the office of appellant, dictated a number of letters to his customers, examined the orders that came from his territory, and that during such time all orders received from his customers were credited up to him by the bookkeeper. The latter part of August he again took the road and traveled until the latter part of December, then returned to the factory, where he remained during the month of January, 1910, performing such services as were usual for traveling men in that line of business at that period of the year. He then asked that he be credited with salary for the summer months at the rate of $150 per month, and upon the refusal of such request left appellant's employ. Appellee's contention is that he was employed by the year at $150 per month; that under the contract he was entitled to such salary whether he traveled or not, while appellant claims that he was employed to work for a salary at $150 a month, such salary to be paid only for the months he actually traveled.

The only ground for reversal argued is that the

verdict was clearly and manifestly against the weight of the evidence. We have carefully read the record, and while we think the evidence seems to preponderate in favor of the appellant, we are unable to say that the verdict is so clearly and manifestly contrary to the evidence as to make it our duty to disturb the finding of the jury, who were the sole judges of the credibility of the witnesses and the weight to be given to their testimony. Applying the well-established rule 'that a verdict will not be set aside whenever there is a contrariety of evidence and the facts and circumstances, by a fair and reasonable intendment, will authorize the verdict, notwithstanding it may appear to be against the strength and weight of the testimony (I. C. R. Co. v. Gillis, 68 Ill. 317; Lourance v. Goodwin, 170 Ill. 390; C. C. Ry. Co. v. McClain, 211 Ill. 589), it becomes our duty to affirm the judgment of the Circuit Court.

*Affirmed.*