Maude Bouslough, Administratrix of the Estate of Marion Bouslough, Deceased, Appellant, v. Helen Schumacher, Appellee.

Gen. No. 8,521.

Opinion filed February 23, 1933.

FRED B. SHEARER, for appellant; WALTER R. O'MALLEY, of counsel.

THOMAS M. CLIFFE, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

The appellant (plaintiff in trial court) as administratrix of the estate of Marion Bouslough, deceased, filed her suit to the October Term 1930 of the circuit court of DeKalb county against Helen Schumacher, appellee, to recover damages for the alleged wrongful death of plaintiff's intestate.

The declaration consisted of five counts, each alleging that the injury resulting in the death of plaintiff's

intestate was occasioned by negligence of the defendant and that plaintiff's intestate exercised due care and caution for her own safety. A plea of general issue was filed by defendant.

Trial was had in the circuit court of such county by a jury, who heard the testimony and returned a verdict in favor of the defendant. Thereafter the court entered judgment upon such verdict against the appellant for costs. This appeal is prosecuted to reverse such judgment.

The accident in question occurred on February 11, 1930, about 7:30 p. m. upon a certain highway designated as the Galena road, a short distance west of the intersection of such road with Western avenue where the same passes through the Village of Sugar Grove. This highway is one of the paved routes of this State and is commonly known as Route 71.

Helen Schumacher, a student in her senior year of high school, resides with her mother at Hinckley, Illinois, about 20 miles west of Aurora. Upon the evening of February 11th, a school play was to be given at Aurora. The appellee, together with five other girls, in charge of Mrs. Ruth Lenz, started to Aurora in her automobile to attend such play. They had proceeded to a point about three miles west of Aurora when they overtook another car going in the same direction. As appellee was driving the car and as she was passing the car they had overtaken, her car struck the plaintiff's intestate, who as a result thereof died.

The evidence discloses that plaintiff's intestate was a woman of approximately 38 years of age, unmarried and living with her father and brother a short distance away from this paved road.

Several causes are assigned as to why the judgment of the circuit court should be reversed. It is said that the verdict is contrary to the evidence. It is true there is some controversy in the testimony as to the point or position of the deceased upon the highway.

We believe, however, the evidence tends to show that plaintiff's intestate, at the time she was struck by the automobile of the appellee, was walking eastward, in the dark, at or near the center of the north one-half of the paved portion of the road. Notwithstanding the conflicting testimony herein, it is our opinion that the preponderance of the testimony supports the verdict of the jury, and that plaintiff's intestate in walking upon such pavement as is disclosed by the evidence herein, was guilty of contributory negligence and therefore plaintiff could not recover.

We have examined the evidence herein and from a consideration thereof have concluded that the jury was justified in its verdict. It appears from the evidence that the car of the appellee was not being driven at an excessive rate of speed and that the driver thereof upon learning of the presence of the plaintiff's intestate did every act under the circumstances, appearing at the time, that could have been done to avert the accident. All of the girls in appellee's car testified in this proceeding that the appellee attempted to stop the car as soon as the presence of the deceased upon the road was discovered. Their testimony discloses that plaintiff's intestate was walking approximately in the center of the left half of the paved portion of such road and that after the accident, the deceased was yet lying upon the edge of the pavement. Although this evidence is contradicted in a measure, it appears to us that a fair inference from such testimony is that the deceased was walking as herein indicated and the verdict of the jury in that respect is reasonably supported thereby.

The evidence herein, as above indicated, is conflicting upon the various issues. In such cases the courts of this State have on numerous occasions held that the verdict of the jury, as to the facts, will not be disturbed unless the verdict is manifestly against the weight of the evidence.

In *Chicago City Ry. Co. v. Young,* 62 Ill. 238, page 240, the court said: "The weight, to be given to one (witness) more than another, has been, and properly should be, determined by the jury. The attempt of this court to reconcile conflicting evidence, to determine its preponderance when fairly balanced, and to decide as to the credibility of witnesses, would be a usurpation of the functions of the jury."

In *Mandelkow v. Meyer,* 219 Ill. App. 286, page 293, the court said: "It may be conceded as the settled law of this State that the verdict of a jury upon the facts where they are in conflict will not be lightly disturbed by a court of review unless the court is firmly of the opinion from such evidence that the verdict and judgment are clearly contrary to its weight."

To the same effect are *Lowry v. Orr,* 1 Gilm. 70; *Halty v. Markel,* 44 Ill. 225; *Calvert v. Carpenter,* 96 Ill. 63, 67; *Bradley v. Palmer,* 193 Ill. 15, 88; *Illinois Cent. Co. v. Gillis,* 68 Ill. 317; *Lourance v. Goodwin,* 170 Ill. 390, 393; *Shevalier v. Seager,* 121 Ill. 564.

It is urged by appellant that the court erred in admitting in evidence the testimony of the mother of the appellee, as to the fact that there was some mud and blood upon the stockings and some blood on the sleeve of the coat of Helen Schumacher, the appellee. While we do not see any materiality of this testimony and do not know upon what theory it was admitted yet the testimony on this point was identical with that of the appellee and we can see no harm that could have been done by the testimony. No error was committed in admitting the same.

Appellant has also complained that she was not permitted to introduce the clothing and shoes worn by deceased at the time she was struck for the purpose of showing that she had been walking on the side of the pavement and not upon it. So far as disclosed by the evidence no one knew whether the de-

ceased had been walking on the side of the pavement before the accident or where she had been between the time she left her home and the time of the accident. We do not believe the clothing would or could furnish any such proof as claimed and we find that no error was committed in rejecting these exhibits.

Ruth Lenz, a witness produced by appellee, testified that she was with the girls at the time of the accident; that the brothers of the deceased came to the scene of the accident; that a conversation took place between the brothers; that one brother asked the other if the sister wasn't with him and that the other brother answered "No, she ran ahead like a crazy fool like she always does." A motion to strike out this testimony was denied and such action is urged as error.

The answer to this question and to the preceding question was given without objection. Although no objection was made the answer was improper and should have been stricken in view of the fact that it did not relate in any way to the issues, yet under the circumstances we are not prepared to say that the denial of the motion to strike was reversible error.

It is urged also that the court committed error in giving instruction No. 7, which the court by inadvertence failed to mark "Given." The plaintiff makes the point that this question has been passed on in *Terre Haute & I. R. Co. v. Hybarger*, 67 Ill. App. 480. From an examination of such case we find that in this contention the plaintiff is not justified in her position on that point. In that case the court gave an instruction containing a correct statement of law applicable to and bearing upon one of the important branches to the case but which the court inadvertently marked "refused." Because of the subject matter of the instruction and of the fact that it was marked "refused," although given to the jury, the Appellate Court reached the conclusion that the jury could have been misled by such instruction, so given to the jury but

marked "refused." However, in this case no such facts appear. The instruction herein was simply given to the jury without having been marked at all and although the court should have marked the instruction "given," the jury could not have been misled in any particular by any act of the court in connection with the instruction.

Some other complaint has been made as to the refusal of the court to give certain instructions of the plaintiff but we have examined all of the instructions and are of the opinion that as a whole the jury were fully and properly instructed as to the law applicable in this case.

It is contended also that appellee's attorney made improper remarks to the jury, but that on account of the subtle way in which it was done, appellant could not object to the trial court and request that the jury be instructed to disregard such remarks. We have examined the record on this and see no merit in this contention.

Appellant also urges as error the giving to the jury the ninth instruction of appellee. It is admitted that the instruction is good as a general proposition but it is contended that because of the argument of counsel for appellee the instruction should not have been given. We see no merit in this contention.

The judgment of the circuit court of DeKalb county is affirmed.

*Judgment affirmed.*